WO

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Claudia Solien, ) | |
| ) | CV 07-456 TUC DCB |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Raytheon Long Term Disability Plan #590; ) | **ORDER** |
| Metropolitan Life Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Court denies the Defendant's Motion to Dismiss and denies the Plaintiff's request for oral argument.

<u>Case Overview and Procedural Discussion</u>

Plaintiff filed her Complaint on September 13, 2007, alleging the Defendant breached Plan provisions because it terminated her Long Term Disability (LTD) benefits on August 3, 2005. Pursuant to a stipulation, she amended her Complaint on January 22, 2008, to add a claim for breach of fiduciary duty, charging that the Defendant failed to notify her that there was a one-year time period from its final denial of her claim for her to file a law suit under the Employee Retirement Income Security Act (ERISA).

On February 7, 2008, Defendant filed a Motion to Dismiss Plaintiff's case as untimely, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that it is apparent on the face of the First Amended Complaint that the case is barred by the one-year limitation period contained in the Raytheon Long Term Disability Plan (LTD Plan).

Plaintiff, a former Raytheon employee, participated in the LTD Plan, which is governed by ERISA. Every covered participant must be provided a Summary Plan

Description (SPD), which is a plan document. *Bergt v. The Retirement Plan for Pilots Employed by Mark Air, Inc.,* 293 F.3d 1139, 1143 (9th Cri. 2002).  In fact, "Employers are required to provide participants with a copy of the SPD (not the plan master document) that describes the circumstances which may result in disqualification, ineligibility, or denial or loss of benefits. . . . Furthermore, the SPD is the statutorily established means of informing participants of the terms of the plan and its benefits and the employee's primary source of information regarding employment benefits." *Id.* (citations omitted).

Plaintiff's claims arise from the termination of LTD Plan benefits. The Raytheon SPD described the procedures to appeal a denied claim, including the provision that "an action at law or in equity must be commenced within one year of the denial of any appeal from an initial claim denial, regardless of any state or federal statutes establishing provisions relating to limitations of actions." (Motion, Ex. A: STD at 15.)[1] ERISA does not have a specific statute of limitations period. Arizona has a six-year statute of limitation for actions on a written contract. A.R.S. § 12-548.

Defendant argues the Plaintiff's case, filed just over two years after the final denial of benefits, is barred by the one-year statute of limitations in the SPD. Plaintiff argues her case is timely filed pursuant to the Arizona six year statute of limitations. She argues that the Defendant is estopped from relying on the one-year statute of limitations period because it is unreasonably short and because Raytheon failed to provide adequate notice of the shortened time.

"Plaintiff does not dispute that parties can contract for a shorter time period in which to bring an action on the contract." (Response at 4.) The Plaintiff argues that through 2003,

---

[1] Neither the LTD nor the SPD were attached to the Plaintiff's Complaint or Amended Complaint, but she alleges a violation of the LTD, which is necessarily based on the terms of plan as defined in the SPD. The Court, therefore, may consider both documents without converting the Motion to Dismiss to a Motion for Summary Judgment. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994).

the Plan limit for filing an action was three years. *Alcron v. Raytheon Co.*, 175 F. Supp. 2d 117, 119-120 (D. Mass. 2001) (describing Raytheon plan provision as three-year limitations period). Plaintiff charges that in 2004, Defendant reduced the time limit to one year in violation of assurances in the Collective Bargaining Agreement that it would make no changes in LTD benefits, except as required by state and federal law. Plaintiff complains that she did not receive a copy of the 2004 Benefits Handbook because it was erratically distributed. According to Defendant, it stopped distributing hard copies of the Benefits Handbook in 2004 and instead distributed it online and it was thereafter continuously available on the Raytheon Company Internet site. Employees were given notice of the change to electronic distribution and access of the Benefits Handbook in the fall of 2003.

The Court does not, however, need to reach Plaintiff's allegations that she was not given proper notice of the change in the Plan limitation period because unlike the LTD Plan in *Alcron v. Raytheon Co.*, the Defendant's LTD Plan #590 had a one-year time limit since 1999. (Reply at 24.) Consequently, there was no change between 2003 and 2004 so notification of such a change is irrelevant.[2] Instead, the Court considers whether or not the one-year time limit for filing an action is reasonable for a long term disability claim, and whether the Plaintiff received notice of the one-year limitation period.

/////

---

[2] Because the Court concludes that the notice given by the Plan of the one-year limitation period was not adequate to invoke it, the Court assumes there was no change in the SPD. To do otherwise, would convert the Motion to Dismiss to a Motion for Summary Judgement, and the Court would afford the Plaintiff an opportunity to submit evidence to support her assertion that the one-year limitation period in the Plan was an improper change under the Collective Bargaining Agreement. See (Response, Ex. 1: Gorey Affidavit at ¶ 8.) Because the Court does not convert this motion to dismiss to a motion for summary judgment, it also does not reach other arguments by the Plaintiff, such as her claim that her depression severely limited her ability to timely litigate this case or that Defendant's clear statement of all other required time limits led her to mistakenly believe that she could rely solely on the written notices she received without reference to the SPD.

Reasonability of One-year Limitation Period for Filing ERISA Suit

Plaintiff argues that the one-year time limit conflicts with the public policy behind Arizona's six-year statute of limitations for written contracts and should, therefore, be held unreasonable per se. Furthermore, Plaintiff argues that her disability is depression and that her mental impairment interfered with her ability to function under short time constraints. Additionally, she asks the Court to judicially note that it takes more than one year to process a Social Security disability claim, and the Plan procedures should accommodate the Social Security process because it frequently produces evidence relevant to the claim of disability.

In *Alcorn*, the district court found a three-year limit for filing LTD claims to be reasonable. The court relied on *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869 (7th Cir. 1997), which held a shortened time limit to be reasonable, but tolled the limitation period because the insurance company had asked for the suit to be delayed until it considered plaintiff's settlement offer which thereafter digressed into protracted negotiations between the parties.

In *Doe*, the court analogized an ERISA action with other administrative appeals filed in the federal courts, which are generally limited to 30 or 60 days, *id.* at 875 (citing 33 U.S.C. § 921(a); 42 U.S.C. § 7607(b)(1)); see 42 U.S.C. § 405g) or to judicial appeals, which usually must be filed within 10, 30 or 60 days, *id.* (citing Fed. R. App. P.4).

The court pointed out that equitable estoppel should be applied more liberally to a contractual limitations period as compared to a statute of limitations because statutes "serve important interests besides the purely private, and so presumptively waivable, interests of the litigants affected by them." *Id.* at 877 (citations omitted). State statutes of limitations protect the public and the courts from the expense of litigating stale claims, "but where parties by contract shorten the period of limitations that the government had deemed the appropriate outer bounds for suit, and then one of the parties does something that makes it inequitable to hold the other party to the shortened period, there is no social interest in preventing the

4

period from being enlarged, especially when the enlarged period still falls far short of the statutory period, . . .." *Id.*

The case law in the Ninth Circuit suggests that time limits in a policy that are less than the state statute of limitations are enforceable under general contract principles. *Scharff v. Raytheon Company Short Term Disability Plan*, 2007 WL 2947566, *5-7 (C.D. Calif. June 22, 2007) (citing *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Insur. Program*, 222 F.3d 643, 650-51 (9th Cir. 2000) (finding ERISA claim not barred by state statute of limitations, and remanding case for a determination as to whether claim was contractually barred by limitation period in the policy)). Defendant relies on the district court decision in *Scharff*, which unsurprisingly enforced a contractually shortened one-year limitation period in a SPD, and denied plaintiff's estoppel argument that Raytheon failed to conspicuously disclose in any of its three denial letters the one-year limitation period.

In *Scharff,* the district court was not persuaded to apply California insurance law which requires disclosure of such time limits or estops an insurer from asserting a statute of limitations defense. The court was not persuaded to borrow from the California Insurance Code to make it part of ERISA federal common law. *Id.* at *6.

The court found the one-year period to be reasonable. *Id.* at *7 (citing *see, e.g., Sousa ex rel. Will of Sousa v. Unilab Corp. Class II (Non-Exempt) Members Group Benefit Plan,* 252 F.Supp.2d 1046 (E.D.Cal.2002) ("the law allows parties to contract for a limitation period less than the standard four-year statute of limitations for ERISA provided the contractual period is reasonable"); *Northlake Regional Med. Ctr. v. Waffle House Sys. Employee Benefit Plan,* 160 F.3d 1301 (11th Cir.1998) (holding that contract limitations in ERISA plans are enforceable provided they are reasonable and finding 90-day period reasonable and enforceable); *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869 (7th Cir.1997) (upholding the plan's three-year limitations period instead of state's six-year breach of contract period); *Alcorn v. Raytheon Co.,* 175 F.Supp.2d 117 (D.Mass.001)

(holding a contractual limitation period of three years reasonable and enforceable); *Allen v. Unionmutual Stock Life Ins. Co.,* 989 F.Supp. 961 (S.D.Ohio 1997) (upholding three-year contractual limitation); *Bomis v. Metropolitan Life Ins. Co.,* 970 F.Supp. 584 (E.D.Mich.1997) (allowing three-year limit for ERISA claim); 44 Am.Jur.2d Insurance 1879 (1982) (contractual limitations periods shorter than statute of limitations are permissible provided they are reasonable is applicable to ERISA plans . . ..)).

This Court finds Raytheon's one-year limitation period to be reasonable. The Arizona's six-year statute of limitations far exceeds the one-year Plan limit and would have applied in the absence of the shorter Plan provision. Consequently, more liberal equitable estoppel principles for general contract cases applies here as compared to a stricter application for statute of limitations.

Breach of Fiduciary Duty: Failure to Give Written Notice of One-year Limitation Period

In *Scharff*, the court rejected the plaintiff's argument that Raytheon failed to conspicuously disclose in any of its three denial letters the one-year limitation period so as to negate the plaintiff's reasonable expectation that he would have more time to file suit. *Id.* at 8 (discussing *Saltarelli v. Bob Baker Medical Trust*, 35 F.3d 382 (9th Cir. 1994) (adopting doctrine of reasonable expectations in the context of an ERISA governed insurance contract). The court in *Scharff* distinguished *Saltarelli*, an ERISA governed insurance contract, from the ERISA benefit plan at issue in *Scharff* because an employee benefit plan may not be deemed an insurance company for purposes of any law of any state purporting to regulate insurance companies or insurance contracts. *Scharff*, 2007 WL 2947566, *8 (citing *Metropolitan Life Insur. v. Massachusetts*, 471 U.S. 724, 738-47 (1985) (explaining ERISA's "deemer" clause, 29 U.S.C. § 1144(b)(2)(B), makes it clear that employee benefit plans may not be deemed insurance companies)).

This case, like *Scharff*, involves an employee benefit plan, but unlike the court in *Scharff*, this Court has not been asked to apply the reasonable expectations doctrine, which

grew out the law of adhesion contracts and construction of ambiguities in insurance policies so that "'[a]n insurer wishing to avoid liability on a policy purporting to give general or comprehensive coverage must make exclusionary clauses conspicuous, plain, and clear, placing them in such a fashion as to make obvious their relationship to other policy terms, and must bring such provisions to the attention of the insured.'" *Saltarelli*, 35 F.3d at 386 (quoting *National Mutual Ins. Co. v. McMahon & Sons, Inc.,* 177 W.Va. 734, 356 S.E.2d 488, 496 (1987); *cf. Kunin v. Benefit Trust Life Insur. Comp.,* 910 F.2d 534, 540 (9th Cir. 1990) (in the context of interpreting ambiguous provisions, "the insurer should be expected to set forth any limitations on its liability clearly enough for a common layperson to understand").

It is a question of first impression, whether a claimant must be given written notice of a contractually imposed time limit for filing an ERISA claim. The Court is persuaded by the principles discussed in *Chappel v. Laboratory Corporation of America*, 232 F.3d 719 (9th Cir. 2000). In *Chappel*, the court discussed a mandatory arbitration provision contained in an employee benefit Plan, described in the SPD, that was less generous than statutory rights guaranteed to plan participants under ERISA. Ignoring the question of the arbitration clause's preclusive effect to foreclose judicial review altogether, the court interpreted the mandatory arbitration clause to require the plaintiff to arbitrate the dispute in order to exhaust his administrative remedies before filing suit in federal court. *Id.* at 724. In *Chappel*, the court reversed the district court's denial to amend the complaint to add a claim of breach of fiduciary duty based on the Plan's failure to notify the beneficiary regarding the arbitration clause when it issued its decision denying his internal appeal. *Id.* at 726.

Noting that ERISA did not specifically address arbitration and that the requirement to arbitrate a claim was subsequent to administrative review so it was not expressly covered by ERISA regulations that require written notice to a beneficiary describing a plan's internal

7

review procedures, but nevertheless, the court applied the regulatory notice provisions to the arbitration procedures. *Id.*

The *Chappel* decision was based on code provisions prior to amendments effective January 1, 2002.[3] Under the code in effect at the time of *Chappel*, the court concluded that written notice "setting forth in a manner calculated to be understood by the claimant" the "appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review" applied to plan procedures for external review through mandatory arbitration. *Id.* "Just as a fiduciary must give written notice to a plan participant or beneficiary of the "steps to be taken" to obtain internal review when it denies a claim, [], so also, we believe, should a fiduciary give written notice of steps to be taken to obtain external review through mandatory arbitration when it denies an internal appeal." *Id.*

In *Chappel*, the arbitration requirement and applicable time limits for seeking arbitration were included in the SPD, nevertheless, the court held: "A plan administrator knows, or should know, that a claimant may not be aware, when his or her internal appeal is denied, of a mandatory arbitration clause and a time limit for seeking arbitration, even though the clause and its terms are part of the contract for benefits." *Id.* The court considered the mandatory arbitration as an additional step in the plan's claim procedure and to some degree, "a substitute for judicial review of the administrator's decision." *Id.* The court considered the mandatory arbitration provision to be part of the plan's claims procedure because the claimant was required to take certain steps, which the plan itself established, in order to obtain external review of his claim. *Id.* Given the consequences of an untimely request for arbitration to foreclose all external review of the administrative decision, "if a

---

[3]*See* 29 CFR § 2560.503-1(c)(4) (2007): The claims procedures may not contain any provision for mandatory arbitration of an adverse benefit determination, unless it is conducted as one of the two allowed administrative reviews under (c)(2) and claimant is not precluded from challenging the decision under ERISA or other applicable law.

8

plan administrator does not bring to the claimant's attention, at the time the internal appeal is denied, the plan's arbitration requirement and the steps necessary to invoke the arbitration clause, the administrator cannot claim to be acting 'solely in the interest of the participants and beneficiaries.'" *Id.*

An ERISA fiduciary is at all times constrained by its duty to "'discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries.'" *Id.* (quoting ERISA 404(a); 29 U.S.C. § 1104(a)). The Court found that the plan administrator breached its fiduciary duty to Chappel "if, as Chappel alleged, it adopted a mandatory arbitration clause that set a 60-day time limit in which to demand arbitration and then relied, for notice of the clause and its terms, on a summary plan description contained in an employment manual." *Id.* at 727. "It would have been a simple matter, when the Plan administrator sent a letter to Chappel notifying him of its denial of his appeal, for the administrator to have notified Chappel in that same letter of the arbitration clause and its required procedures. If the administrator had done that, it would have fulfilled its fiduciary duty to Chappel." *Id.*

The Defendant argues that *Chappel* must be confined to mandatory arbitration provisions, which are "akin to a claim's internal review procedure" and that the contractual limitations period at issue here is not a part of the Plan's internal review procedure and, therefore, not governed by 29 U.S.C. § 1133 or by its implementing regulation 29 CFR § 2560.503-1. Defendant argues that to require the plan administrator to inform the claimant of the time limit to file a lawsuit in the final denial letter would be a misapplication of *Chappel* and would add a requirement that is nowhere found in the extensive statutory and regulatory ERISA framework. (Motion at 10-11.)

Specifically, Defendant argues that Plaintiff cannot rely on 29 CFR § 2560.503-1(g)(1)(iv), which is the current comparable regulatory provision to the regulation considered in *Chappel*. Defendant argues that subsection g is limited to the initial notification of a

9

benefit determination and is distinguishable from the written notice that must be given in benefit determinations on review, i.e., final decisions, which are governed by subsection j, which does not include any notice of time limits for filing a civil suit under ERISA. (Reply at 8-10.)

Defendant argues that its final decision, July 27, 2005, letter, complied with subsection j because it told the claimant the following information: 1) her appeal was denied; 2) it was the final decision and the completion of full and fair review; 3) if she wanted to pursue the matter further, she should consult information in the SPD (and she was told how to obtain a copy of the SPD), and 4) she had a right to bring a civil action und ERISA. (Motion at 11.)

Title 29 of the Code of Federal Regulation, section 2560.503-1, "sets forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits by participants and beneficiaries." 29 CFR § 2560.503-1(a) (2007). Every employee benefit plan is obligated to establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeals of adverse benefit determinations (collectively referred to as claims procedures). The claims procedures for a plan will be deemed to be reasonable only if among other things, not applicable here, – they comply with the requirements of paragraphs (c), (d), (e), (f), (g), (h), (i) and (j) as appropriate, and a description of all claims procedures and the applicable time frames is included as part of the summary plan description. 29 CFR § 2560.503-1(b) (2007).

Subsection f, provides "in general" . . . "if a claim is wholly or partially denied, the plan administrator shall notify the claimant, in accordance with paragraph (g) of this subsection," which provides the "manner and content of notification of benefit determinations," be in writing in pertinent part as follows: "(i) the specific reason or reasons for the adverse determination; (ii) reference to the specific plan provisions on which the determination is based; (iii) a description of any additional material or information necessary

10

. . . to perfect the claim . . ., and (iv) "a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under ERISA following an adverse benefit determination on review." 29 CFR § 2560.503-1(g) (2007)

Subsection j provides the "manner and content of notification of benefit determination on review," be in writing and "set forth in a manner calculated to be understood by the claimant–" in pertinent part as follows: "(1) the specific reason or reasons for the adverse determination; (2) reference to the specific plan provisions on which the determination is based; (3) a statement that the claimant is entitled to receive, free, upon request, the administrative record, and (4) a statement describing any voluntary appeal procedures offered by the plan and claimants right to obtain information about such procedures and a statement of the claimant's right to bring an action under ERISA. 29 CFR § 2560.503-1(j) (2007).

Judicial review is an appeal procedure for an adverse benefit determination and is therefore a part of the claim procedures covered by these regulations, especially when the time limit for filing a judicial action is established contractually by the Plan. The Court follows the principles established in *Chappel* and finds that the regulatory provisions in 29 CFR § 2560.503-1 apply in their totality to require clear written notice to the claimant of the time limit for filing a civil ERISA case, especially when the time limit is established by the Plan.

The Court read the SPD looking for the notice for the one-year limitation period. The Court reviewed the captions in the approximately ten-page section of the SPD covering "Disability," which reflected basic coverage information and either missed the last two paragraphs which were captioned "Claims Appeal Procedure" and "Your Rights," or the Court failed to read the entire "Claims Appeal Procedure" paragraph after reading, "The procedure to be followed to appeal a denied claim is explained in the *Administrative* section."

(Motion, Ex. A: SPD at 15.)  Unfortunately, the disclosure regarding the one-year time limit for filing a civil suit under ERISA followed.  "It is important to note that under the applicable STD, LTD plan documents, *any action at law or in equity* must be commenced within one year of the denial of any appeal from an initial claim denial, regardless of any state or federal statutes establishing provisions relating to limitations of actions."  *Id.*  (emphasis added).

Instead the Court read the Administrative provisions, which covered a claimant's rights as a participant in the plan. (Motion, Ex. A: SPD at 16.)  The Administrative section of the SPD provides the information necessary to meet the disclosure requirements for ERISA and other federal programs.  *Id.*  However, there is no notice in the Administrative section of the SPD of the one-year time limit for filing a civil suit under ERISA.

The Administrative section, "Your Right to Appeal a Denied Claim" informs the claimant that she has the right to administratively appeal a denied claim, *id.* at 19, and "Claim and Appeal Regulations" provides the ERISA mandated time limits pertaining to this administrative review, *id.* at 19-20.  The Administrative section, "Final Decision," *id.* at 19, refers the claimant to the section "Your Rights under ERISA," which highlights a claimant's rights to receive information about the Plan and benefits; to continue group health plan coverage, entitlement to prudent actions by the Plan fiduciaries, assistance with questions, and Plan disclosure information.  *Id.* at 21-23.  Additionally, "Your Rights under ERISA" contains information regarding a claimant's enforcement rights, beginning with: "If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge and to appeal any denial, all within ceratin time schedules."  *Id.* at 22.  The SPD continues, "Under ERISA there are steps you can take to enforce the above rights," and as an example it explains the procedure, including deadlines, for securing plan documents.  *Id.*  The SPD informs the claimant, "If you have a claim for benefits that is denied or ignored in whole or in part, you may *file suit in a state or federal court*."  *Id.*  (emphasis added).

12

The Court's review of the SPD provisions pertaining to a claimant's right to file a law suit under ERISA, specifically the critical notice to a claimant of the one-year time limit on this right reveals the wisdom of *Chappel*. In addition to the difficulty in finding the limitation in the SPD, without a page reference, it is dubious that a lay person would understand that her limited right to file any "action at law or in equity" referred to her right under ERISA to "file suit in a state or federal court." As the court in *Chappel* noted, "It would have been a simple matter, when the Plan administrator sent a letter to [the claimant] notifying [her] of its denial of [her] appeal, for the administrator to have notified [her] in that same letter of the [time limit]."

The regulation, 29 CFR § 2560.503-1(j), requires the written notification of the benefit determination on review to be "set forth in a manner calculated to be understood by the claimant." The Court finds that the required notice to the claimant of her right to sue under ERISA, was not set forth in a manner calculated to be understood by her when it failed to provide notice of the time limitation. Additionally, the limitation period, established by the Plan, is part of the plan's claim review procedures addressed in 29 CFR § 2560.503-1(g).

An ERISA fiduciary must at all times "discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a). A plan administrator cannot claim to be acting "solely in the interest of the participants and beneficiaries," if it does not bring to the claimant's attention the plan's time-limit requirements for all review procedures, including her right to sue under ERISA, especially since the consequence of an untimely request is to foreclose all external review of her claim.

"When a fiduciary breaches its duty and relief is not otherwise available under the statute, § 502(a)(3) of ERISA provides for individualized equitable relief. *See* 29 U.S.C. § 1132(a)(3); *Varity Corp. v. Howe,* 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). In cases of inadequate notice, the usual remedy is to allow the plaintiff to file a late appeal and to construe it as timely. *See White v. Jacobs Eng'g Group Long Term Disability*

*Benefit Plan,* 896 F.2d 344, 350-51 (9th Cir.1990); *see also J.W. Counts v. American Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir.1997); *Epright v. Environmental Resources Mgmt., Inc. Health & Welfare Plan,* 81 F.3d 335, 342 (3d Cir.1996)."  *Chappel*, 232 F.3d at 727.  This is the appropriate remedy in this case.

**Accordingly,**

**IT IS ORDERED** that the Defendant's Motion to Dismiss (document 19) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Alternative Motion for Leave to Amend (document 23) is DENIED and her request for oral argument is DENIED.

**IT IS FURTHER ORDERED** that the deadline for filing dispositive motions is June 30, 2008, the due date for the Joint Pretrial Order is July 30, 2008.  The parties are referred to the Scheduling Order issued in this case on January 17, 2008, for a copy of the Pretrial Order format.  Upon the filing of the Pretrial Oder, the Court shall set a Pretrial Conference whereat the trial date shall be set and deadlines set for filing trial related briefs and motions *in limine*.

DATED this 29th day of May, 2008.

David C. Bury
United States District Judge

14